### L. E. & W. R. R. Co. v. The Village of St. Mary's.

VALIDITY OF ORDINANCE COMPELLING A RAILROAD TO LIGHT ITS BRIDGES OR CROSSINGS.

Where the council of a municipal corporation passes an ordinance under the provisions of sec. 2494, requiring a railroad company owning or operating its railroad partly within such corporation, to light its bridges or crossings within a specified time, such ordinance must specify a time within which such lighting shall be done, and failing to so specify, the ordinance is invalid, and no lawful assessment could follow it.

ERROR to the Court of Common Pleas of Auglaize county.

PRICE, J.

On the 9th day of February, A. D. 1895, the council of the village of St. Mary's, Ohio, passed the following ordinance:

"Ordinance 130.

"To require the Lake Erie & Western R. R. Company to light its railway and bridges within the corporate limits.

"Section 1. Be it ordained by the council of the village of St. Mary's, Ohio, that the Lake Erie & Western Railroad Company, possessing and operating a line of railway within the village limits, be, and is hereby required, the same being deemed necessary by the village council, to light the portion of said railway within the corporate limits with electric lights in the same manner that the streets are lighted therewith, and with poles, lamps, and fixtures of the same kind, the number of said lamps to be seven (7), and to be suspended and placed at the following points along said railway, to-wit: One where Spring street in said village crosses said company's right of way; one where Vine street crosses said company's right of way; one where Pine street crosses said company's right of way; one where Main street crosses said company's right of way; one where Wayne street crosses said company's railway; one where Perry street crosses said company's railway; and one where the Reservoir pike crosses said company's railway; and said lamps be constructed in all respects like the lamps now used to light the streets in said village, and said lamps shall be kept burning during the hours following: from the hour of darkness to the hour of daylight on each and every day.

"Section 2. That the work of lighting said railway shall be done under the supervision, and to the satisfaction of the lighting committee, and the village clerk is hereby instructed and directed to cause due notice to be given to said company of the passage of this ordinance, by delivering a copy of this ordinance according to law, and in case said company shall fail to comply with the requirements of the same for a period of twenty (20) days from the delivery of said notice, that said lighting committee is hereby directed to cause said lamps to be so suspended, poles erected, and lighting to be done as herein above set forth, the cost thereof to be assessed upon the property of said company according to law, or to be collected as directed by law.

"Done at the council chamber in the village of St. Mary's, Ohio, on this the 9th day of February, A. D. 1895.

"M. J. Mooney, Jr., Clerk.          W. L. Smith, Mayor."

Nothing was done under the provisions of this ordinance, by either the railroad company or village, until February 20, 1896, more than a year—when the village clerk served upon one or more agents of the company a written notice, with a copy of the foregoing ordinance, and the company failing for more than twenty days to do the lighting therein required, the village authorities caused it to be done and followed the same with an ordinance passed March 17, 1896, assessing the expense of the lights placed at the several crossings at the rate of $42.00 per month, commencing April 1, 1896, on the property of the railroad company, situate within the corporate limts.

This course was an assessment in advance for the entire year, beginning April 1, 1896, at the rate of $42.00 per month, which, in itself, presents a question worthy of serious consideration; but we deem it unnecessary to pass on it now, as there is another and vital question back of it, the decision of which disposes of the case.

The village brought suit in the court below to recover of the company the amount assessed for the months of April, May, June, July and August, 1896, and obtained judgment for about all of the amount claimed.

The two ordinances referred to are part of the bill of exceptions, and it is contended by the railroad company that the first ordinance—requiring the company to light the several crossings, is invalid because it is not in accordance with sec. 2494 of Rev. Stat.—which is the only section conferring power on municipal corporations to pass such ordinances. This section authorizes the council to require the individual or company owning or operating a railroad, to light bridges or railroads within a specified time.

The section reads:

"When it is deemed necessary by the council of any city or village, to have any bridge, or railway, located in whole or in part in such corporation, owned, possessed or operated by any individual, company, association or corporation or any portion of the same, lighted, the council shall pass an ordinance for that purpose, requiring the individual, company, association or corporation owning, possessing or operating the same, to light such bridges or railway within a specified time."

It seems from the language of this section, that the council is to

judge when the exigencies of the situation call for the lighting of the crossings or bridges; and when it deems the same necessary, may require by ordinance, the individual, company or corporation operating the railway to light the same.   But this is not all.   If the council exercises this power so conferred, and passes such an ordinance for that purpose, it shall require the work to be done "within a specified time."   It is in this particular that the ordinance in question is wanting.   It appears complete enough in all else, but omits what is, by the statute, made an essential element to create and fix a liability upon the railway company.

To omit the time within which the company is required to light, leaves the ordinance as a dead letter, for if there is no time at or within which it shall be done, the railway company may take its own course, and light or neglect to light, and the village is powerless to enforce obedience.

Before the municipal authorities can place and maintain the lights at the expense of the company and assess the same upon its property, the ordinance casting the burden must give and specify a time within which the company must comply with its requirements.

The only other description of the character of the ordinance is found in the next sec. 2495.   It says:

"The ordinance shall specify the manner in which such bridge or railway shall be lighted,—the number and style of lamps, posts, lights and fixtures, and the time such lights shall be kept burning in each twenty-four hours."

All this is sufficiently covered by the terms of the ordinance, as already observed.

It is claimed, however, for the ordinance, that its second section supplies what sec. 2494, Rev. Stat., requires as to the specified time.

In the second section, the council directs that

"The work of lighting shall be done under the supervision   *   *   * of the lighting committee, and the village clerk is hereby instructed and directed to cause due notice to be given to said company of the passage of this ordinance   *   *   *   and if the company shall fail to comply with the requirement of the same for a period of twenty days from the delivery of said notice, the said lighting committee is hereby directed to cause said lamps to be suspended, poles erected and lighting to be done *   *   *   ."

It is plain that this section of the ordinance defines the duties of the village clerk and light committee, and nothing more.   It is no part of, and adds nothing to the first section, which undertakes to impose a duty and create an obligation upon the railway company in reference to its bridges and railway crossings.

These duties of the clerk are provided for by the statute in sec. 2496.

"Notice of such requirement to light any bridge or railway shall be given at least twenty days before any penalty or charge shall be imposed for default   *   *   *."

Default in what?   Not default in complying with the notice served by the clerk—but default in lighting within the time specified in the ordinance.   And if the railway company fail to perform within such specified time, before any penalty, or charge, can be imposed for the

CIRCUIT COURTS. **669**

default, the clerk must give the twenty days notice provided for by sec. 2496, Rev. Stat., and which is carried into section 2 of the ordinance.

While the notice of the clerk is a step in the course to the making an assessment, it is not the foundation for the same. That must be found in the first ordinance passed under sec. 2494, and it must contain what that section requires. The language is plain and needs no construction.

It is the province of the council to legislate on the subject, and the duty of the clerk to aid in enforcing such legislation; but he has no power to add to it.

These views are in harmony with the policy of the statute regulating ditch proceedings, construction of sidewalks, and many other improvements, where the adjoining land or abutting lots may be assessed for the expense. A definite time is fixed by the board or tribunal ordering the improvement, within which the land or lot owner may perform the required work himself.

We therefore hold the ordinance in controversy invalid on account of the omission stated, and no lawful assessment could follow it. This court made a similar holding in 1895, in Logan county, in the case of *C. C. C. & St. L. R. R. Co.* v. *The Village of DeGraff.*

There is another observation to be made in this case. It is not averred in the petition, nor is there any evidence in the record, to show what, if anything, was the expense to the village of placing and manufacturing the lights. If this was the only weakness of the case, we would reverse and remand it, with an opportunity to amend. But there is a fatally defective ordinance at the bottom of all the proceedings.

The judgment of the lower court is reversed and its findings set aside; and rendering the proper judgment, the petition of the village is dismissed at its costs.

DAY and NORRIS, JJ., concur.

*Layton & Stueve,* for Plaintiff in Error.

*John T. Schoonover,* for Defendant in Error.

